UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOHNATHAN RILEY, | ) | Civil Action No. 4:20-cv-2697-RBH-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

On October 19, 2020, the Motion to Withdraw as Attorney was granted by this court. (ECF No. 13). Plaintiff was granted until November 20, 2020 to retain new counsel. If Plaintiff did not retain counsel by that date, Plaintiff was considered proceeding *pro se* and was responsible for pursuing the claims alleged in his Complaint. (ECF No. 13). Plaintiff did not retain counsel. The record and answer was filed on February 1, 2021 and Plaintiff's brief was due March 6, 2021 and has not been filed.[1]

Plaintiff is directed within 10 days to file his brief in accordance with this order:

**Plaintiff's brief shall contain the following items, under the appropriate headings and in the order here indicated:**

(a)     A statement of the issues presented for review, set forth in separately numbered paragraphs.

(b)     A statement of the case. This statement should briefly indicate the course of the proceeding and its disposition at the administrative level and should set forth a general statement of the facts. The statement of the facts shall include plaintiff's age, education, work experience, if relevant, and a summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

---

[1] Under Local Civil Rule 83.VII.04 (D.S.C.), within 30 days after Defendant files an answer to the Complaint, Plaintiff shall file in the Clerk of Court's Office a written brief setting out his arguments in support of his claim that Social Security benefits were improperly denied. Defendant has 40 days to file a responsive brief after service of Plaintiff's brief. See Local Civ. Rule 83.VII.05 (D.S.C.). Plaintiff may file a reply brief within 14 days of being served with Defendant's responsive brief.

(c)     An argument. The argument may be preceded by a summary. The argument shall be divided into sections separately addressing each issue and must set forth plaintiff's contentions with respect to the issues presented and reasons therefore. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction or if authority on point from this jurisdiction does not exist.

(d)     **A short conclusion stating the relief sought. The issues before the court are limited to the issues properly raised in the briefs**.

## NOTIFICATION OF THE CONSEQUENCES OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPHS (a)-(d) ABOVE

A party's brief may be its only opportunity to set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief.

IT IS SO ORDERED.


**IT IS SO ORDERED.**

March 19, 2021
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge